Susan McGRENAGHAN, Plaintiff,

and

Equal Employment Opportunity Commission, Plaintiff–Intervenor,

v.

ST. DENIS SCHOOL, et al., Defendants.

No. Civ.A. 97–1776.

United States District Court, E.D. Pennsylvania.

Sept. 22, 1997.

---

Thomas H. Earle, Disabilities Law Project, Philadelphia, PA, Lisa M. Rau, Kairys, Rudovsky, Kalman & Epstein, Philadelphia, PA, for Susan McGrenaghan.

John F. Licari, Alison T. Fiala, Herbert G. Keene, Stradley, Ronon, Stevens & Young, LLP, Philadelphia, PA, for St. Denis School, Archdiocese of Philadelphia.

Robert D. Unitas, Barbara Dougherty, EEOC–Office of Legal Counsel, Systemic Litigation Services, Washington, DC, Iris

Santiago–Flores, U.S. Equal Employment Opportunity Commission, Philadelphia, PA, for Equal Employment Opportunity Commission.

### MEMORANDUM

VANARTSDALEN, Senior District Judge.

Before me for disposition is the defendant's Motion for Partial Summary Judgment, filed pursuant to Federal Rule of Civil Procedure Rule 56(c). For the following reasons, the defendant's motion is granted in part and denied in part.

### I. INTRODUCTION

Plaintiff, Susan McGrenaghan, the parent of a disabled child, brought this civil rights action against the defendants, the St. Denis School and Archdiocese of Philadelphia, for allegedly removing her from a full-time teaching position and refusing to rehire her to the position solely on the basis of her relationship with a person with a disability in violation of Title I of the Americans with Disabilities Act (ADA), 42 U.S.C. Sections 12101 through 12117. Plaintiff also alleges that the defendant's actions discriminated against her on the basis of her gender in violation of Title VII, 42 U.S.C. Section 2000e et seq. Additionally, plaintiff contends that the defendants violated state contract and negligence law.

Defendants, in their present motion, seek partial summary judgment on the following grounds: (1) plaintiff failed to establish a prima facie case of discrimination under the Americans with Disabilities Act; (2) plaintiff failed to produce evidence of gender discrimination in violation of Title VII; (3) plaintiff did not have an implied contract for continued employment as a full-time teacher; (4) plaintiff cannot state a claim for breach of the implied covenant of good faith and fair dealing; and (5) plaintiff's negligence claim is barred by the Pennsylvania Workmen's Compensation Act. For the following reasons, the defendant's motion will be granted in part and denied in part.

### II. STANDARD FOR SUMMARY JUDGMENT PURSUANT TO F.R.C.P. 56(c)

Federal Rule of Civil Procedure 56(c) instructs a court to enter summary judgment when the record reveals that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment is inappropriate only where the evidence reveals a genuine factual dispute requiring submission to a jury. Summary judgment may not be granted where the evidence is such that a reasonable jury could find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A court must consider the evidence, and all inferences drawn from the evidence, in favor of the non-moving party. *See Tigg Corp. v. Dow Corning Corp.*, 822 F.2d 358, 361 (3d Cir.1987). If a conflict arises between the evidence presented by the parties, the court must accept as true the allegations of the non-moving party. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513–14.

### III. ANALYSIS

A. *Americans with Disabilities Act (ADA) Claim*

In Count I of her complaint, the plaintiff alleges that the defendants discriminated against her in violation of Title I of the Americans with Disabilities Act (ADA) on the basis of her relationship with a person with a disability. Defendants contend that they are entitled to summary judgment as to plaintiff's ADA claim because plaintiff has failed to establish a prima facie case of disability discrimination. In order to establish a prima facie case of disability discrimination under the ADA, the plaintiff must demonstrate that: (1) she is disabled within the meaning of the ADA; (2) she was qualified for the job; and (3) she has suffered an adverse employment action. *Olson v. G.E. Astrospace*, 101 F.3d 947, 951 (3d Cir.1996). The defendants assert that there is no evidence to establish that plaintiff suffered a material adverse employment action with regard to the 1996–97 academic year.

Prior to the birth of her son, plaintiff was employed by the defendant as a full-time teacher. During the 1996–97 school year, plaintiff was employed as a half day kindergarten teacher and a half day resource aide. Defendants assert that they are entitled to summary judgment because there is no genuine issue of material fact as to whether the plaintiff suffered an adverse employment action because there was no material difference between the plaintiff's position as a full-time teacher and her position during the 1996–97 school year as a half day teacher and half day resource aide with regard to salary, benefits, and other employment conditions, responsibilities, and terms.

In *Torre v. Casio*, 42 F.3d 825 (3d Cir. 1994), the Third Circuit discussed what constitutes an adverse job action. In *Torre*, the plaintiff alleged that the defendant had transferred him to a dead-end job because of his age. In reversing the trial court's grant of summary judgment, the Third Circuit held that a job transfer even without loss of pay or benefits may constitute adverse job action. *Id.* at 831, n. 7, *citing Collins v. State of Illinois*, 830 F.2d 692, 703 (7th Cir.1987). The court then determined that the plaintiff had established a genuine issue of material fact as to whether his transfer constituted an adverse job action. *Id.*

■ The court's holding in *Torre* makes clear that adverse job action is not limited to solely monetary considerations such as a reduction in pay or benefits. A job transfer may constitute an adverse job action even where the pay and benefits are identical if there is a reduction in other terms, conditions, or privileges of employment. *See also Passer v. American Chemical Society*, 935 F.2d 322 (D.C.Cir.1991); *Rodriguez v. Bd. of Ed. of Eastchester Union Free Sch.*, 620 F.2d 362 (2d Cir.1980); *Jacobs v. Martin Sweets Co., Inc.*, 550 F.2d 364 (6th Cir.1977).

In the present case, although the plaintiff's salary and benefits remained identical, the plaintiff has provided significant evidence that her transfer from a full-time teaching position to a half day teacher and a half day resource aide position for the 1996–97 school year constituted a materially adverse job action. Plaintiff has presented direct evidence

that the transfer was a demotion and involved significantly diminished job responsibilities. Although the plaintiff had twelve years of teaching experience, she was required to report directly to another teacher when acting as a resource aide. Additionally, plaintiff was no longer permitted to develop lesson plans, hold parent-teacher conferences, or participate in the development of the school's curriculum.

For these reasons, I conclude that because plaintiff has sustained her burden to present evidence of a prima facie case of disability discrimination under the ADA, there is a genuine issue of material fact. Accordingly, defendant's motion for summary judgment as to plaintiff's ADA claim must be denied.

### B. *Title VII Claim*

■ In Count II of the complaint, plaintiff alleges that defendants discriminated against her on the basis of her gender in violation of Title VII. Defendants argue that summary judgment as to plaintiff's Title VII claim must be granted because plaintiff has failed to produce any evidence that she was treated less favorably or differently on the basis of her gender.

To establish a prima facie case of gender discrimination under Title VII, the plaintiff must prove: (1) she is a member of a protected class; (2) she was qualified for the position; and (3) she was denied the position; and (4) someone outside of her protected class was selected for the position. *Sheridan v. E.I. DuPont de Nemours and Co.*, 100 F.3d 1061, 1066 n. 5 (*citing Waldron v. SL Industries*, 56 F.3d 491, 494 (3d Cir.1995)). The defendant's argue that they are entitled to summary judgment because plaintiff cannot establish the third prong of her prima facie case of gender discrimination because the person who was ultimately selected for the position was also a woman. Additionally, the defendants argue that every full-time teaching position for the 1996–97 school year was filled by a woman and that plaintiff has failed to establish that any male employees were treated more favorably than female employees.

Arguments similar to those set forth by the defendants were recently rejected in *Arnett v. Aspin*, 846 F.Supp. 1234 (E.D.Pa. 1994), where the court held that a plaintiff need not show that their employer discriminated against a protected class as a whole, but that the employer discriminated against a subclass within the protected class. *Id.* at 1238. This theory of gender discrimination is what has become known as a "sex-plus" discrimination case, first recognized by the Supreme Court in *Phillips v. Martin Marietta Corp.*, 400 U.S. 542, 91 S.Ct. 496, 27 L.Ed.2d 613 (1971).

In *Arnett,* the plaintiff brought both an age discrimination claim under the ADEA and a gender discrimination claim under Title VII alleging that the defendant maintained a hiring policy of rejecting women over the age of forty in favor of men of any age or women under the age of forty. *Id.* at 1236. The defendants moved for summary judgment arguing that the plaintiff could not establish a prima facie case of gender discrimination because the persons actually selected for the positions the plaintiff applied for were women. *Id.* The defendants also argued that the Title VII claim could not be brought in connection with the age discrimination claim. *Id.*

In rejecting both of these arguments, the court held that the plaintiff could bring a Title VII claim for "sex-plus" discrimination if they can establish that the defendant discriminated against a subclass of women. *Id.* at 1241. The court held that the plaintiff had established her prima facie case by demonstrating that she was a member of a subclass of women under the age of forty. The court's holding in *Arnett* establishes that gender discrimination is not limited to discrimination solely on the basis of gender. *Id.* at 1239; *see also Sprogis v. United Air Lines,* 444 F.2d 1194 (7th Cir.1971).

The rationale behind the "sex-plus" theory of gender discrimination is to enable Title VII plaintiffs to survive summary judgment where the employer does not discriminate against all members of a sex. *Id.*

In this case, plaintiff argues that she is a member of a subclass of women who have children with disabilities. The plaintiff alleges that her job transfer was based on unfounded stereotypes concerning mothers of disabled children and that similar employment decisions would not have been made of a woman without a disabled child or a father of a disabled child. Plaintiff has provided ample evidence to establish a prima facie claim of "sex-plus" gender discrimination. Plaintiff has provided evidence that a less qualified teacher was selected to fill the full-time teaching position. This teacher was not the mother of a disabled child and therefore, not a member of the subclass of women with disabled children. Plaintiff has also provided direct evidence of discriminatory animus against working mothers and mothers with disabled children by the Principal of St. Denis School, Sister Marianna Walsh.

Based on the foregoing, I conclude that because plaintiff has sustained her burden to present evidence of a prima facie case of gender discrimination under Title VII, there is a genuine issue of material fact for trial. Accordingly, defendant's motion for summary judgment as to plaintiff's Title VII claim must denied.

### C. *Implied Contract for Continued Employment Claim*

In Count III of plaintiff's complaint, she alleges that the defendants breached an implied term of her 1993–94 employment contract for continued employment beyond one year as a full-time teacher. Although the defendants acknowledge that plaintiff may maintain a claim for breach of the 1993–94 employment contract, they argue that the plaintiff may not maintain a claim for breach of an implied contract for continued employment because the employment contract was for a specific one-year term.

An implied-in-fact contract is "a true contract arising from mutual agreement and intent to promise, but where the agreement and promise have not been verbally expressed" and the "agreement is inferred from the conduct of the parties." *In re Matter of Penn Central Transportation Co.,* 831 F.2d 1221, 1228 (3d Cir.1987).

No implied-in-fact contract can be found where the parties have an express

contract concerning the same subject. In this case, there is no factual basis for finding an implied-in-fact contract. Although the plaintiff contends that the alleged implied-in-fact contract covers a different subject than the 1993–94 express contract, I do not agree.

It is not in dispute that the plaintiff was employed pursuant to an express written contract for the 1993–94 school year. The 1993–94 contract expressly stated that the duration of the plaintiff's employment was for a period of one year. Because the 1993–94 contract expressly sets forth the term of employment as one year, the plaintiff cannot maintain a claim that there was an implied contract for continued employment beyond this one year period.

Accordingly, I reject the plaintiff's implied-in-fact contract argument and grant partial summary judgment for the defendant with regard to plaintiff's claim for breach of an implied contract for continued employment.

### D. *Breach of Implied Covenant of Good Faith and Fair Dealing*

■ In Count III of the complaint the plaintiff also alleges a breach of an implied covenant of good faith and fair dealing in regard to both the express written contract for the 1993–94 school year and the alleged implied contract for continued employment.

Because summary judgment was granted on plaintiff's claim for breach of an implied contract for continued employment, I need only consider plaintiff's contract claims with regard to the 1993–94 employment contract. Accordingly, the plaintiff's claim for breach of the implied covenant of good faith and fair dealing is also limited to the 1993–94 employment contract.

The defendants argue that they are entitled to summary judgment because Pennsylvania law does not recognize a cause of action for breach of the implied covenant of good faith and fair dealing independent of a breach of contract action and, therefore, plaintiff is limited to the damages which are afforded in a breach of contract action.[1]

■ In the context of employment contracts, Pennsylvania law does not recognize a cause of action for breach of the implied covenant of good faith and fair dealing which is separate from a breach of contract action. *Engstrom v. John Nuveen and Co., Inc.,* 668 F.Supp. 953, 958 (E.D.Pa.1987). In *Engstrom,* the court held that while there may be an express or implied covenant of good faith in an employment contract, a breach of such covenant is a breach of contract action, not an independent action for breach of a duty of good faith and fair dealing. *Id.* at 958. *See also Dicks v. Information Technologists, Inc.,* 1996 WL 528890 (E.D.Pa.1996). The court allowed the plaintiff's breach of contract action to proceed but dismissed the separate claim for breach of a duty of good faith and fair dealing. *Id.*

Thus, under Pennsylvania law, plaintiff cannot maintain a cause of action for breach of an implied covenant of good faith and fair dealing independent from the breach of contract action for the 1993–94 school year. Plaintiff is limited to those damages available in a breach of contract action. Accordingly, the defendants are entitled to summary judgment as those portions of Count III in which plaintiff alleges: (1) a breach of the implied covenant of good faith and fair dealing with regard to the implied contract for continued employment and (2) a breach of the implied covenant of good faith and fair dealing independent of the breach of contract claim for the 1993–94 school year.

### E. *Pennsylvania Workmen's Compensation Act Claim*

■ In Count IV of the complaint, plaintiff alleges that the defendants negligently failed to exercise reasonable care toward her in the workplace causing her to suffer emotional, psychological, and physical distress. In this motion for partial summary judgment, the issue that must be decided is whether the plaintiff can maintain a claim based on tortious acts allegedly committed by the defendants, or whether the claim is barred by the exclusivity provisions of the

---

1. In their motion, the defendants addressed the issue of whether the plaintiff would be entitled to punitive damages under Pennsylvania law. However, I need not address this issue as the plaintiff has conceded in her response that she is not entitled to punitive damages.

Pennsylvania Workmen's Compensation Act, 77 Pa.Stat.Ann. §§ 1–2626 [hereinafter WCA].

The general rule is that an employee's exclusive remedy for injuries arising in the course of employment is the WCA. 77 Pa.Stat.Ann. § 481(a). Under the Act, in exchange for the greater certainty of receiving benefits, employees relinquish the right to bring an action in tort against their employer. *Poyser v. Newman & Co., Inc.*, 514 Pa. 32, 522 A.2d 548, 550 (1987). However, there are a few limited exceptions to this general rule of exclusivity.

Plaintiff appears to contend that the Archdiocese cannot claim protection under the WCA because the Archdiocese has contended throughout this litigation that it is not plaintiff's employer. If plaintiff is now contending that the Archdiocese is not her employer, plaintiff would have no cause of action under Title VII or Title I of the ADA, and has failed to allege any facts that would give rise to any duty of care toward plaintiff that could impose liability for negligence. Absent an employer-employee relationship, there could be no duty imposing liability for the alleged acts.

Plaintiff's exclusive remedy for negligence, if any, would have to be under an exception to the WCA. Plaintiff argues that acts of discrimination or conduct fundamentally related to the discrimination claims do not fall within the WCA exclusivity provisions. Under the Act, injuries "caused by an act of a third person intended to injure the employe because of *reasons personal to him*" are excluded from coverage. 77 Pa.Stat.Ann. § 411(1). There is also a judicially created exception recognized in some cases, but not by the Pennsylvania Supreme Court, to the exclusivity provisions of the Act for "intentional torts." committed by an employer, supervisor, or a co-worker. *Rodgers v. Prudential Ins. Co., of America*, 803 F.Supp. 1024 (M.D.Pa.1992). Torts based on allegations of intentional infliction of emotional distress due to racial or sexual harassment have routinely been excluded from the Act's coverage. *Id.* at 1029. However, to whatever extent there is an intentional tort exception, the exception is clearly limited to *intentional* torts and not those based in negligence. *See Barb v. Miles, Inc.*, 861 F.Supp. 356 (W.D.Pa.1994); *Lazarz v. Brush Wellman, Inc.*, 857 F.Supp. 417 (E.D.Pa.1994); *Rodgers v. Prudential Ins. Co. Of America*, 803 F.Supp. 1024 (M.D.Pa.1992).

The Pennsylvania Workmen's Compensation Act is the plaintiff's exclusive remedy to recover for employment related injuries. The WCA acts as a bar to plaintiff's claim of common law negligence and of negligent infliction of emotional distress. Accordingly, summary judgment must be granted to defendants on Count IV.

## IV. *CONCLUSION*

In light of the foregoing, I will grant the defendant's motion for Partial Summary Judgment in part and deny the motion in part.

An appropriate order follows.

### ORDER

**AND NOW,** on this the 17th day of September, 1997, upon consideration of the motion of the defendants, the St. Denis School and Archdiocese of Philadelphia, for Partial Summary Judgment, it is hereby **ORDERED** that defendant's motion is **GRANTED IN PART AND DENIED IN PART** as follows:

1. Defendant's motion for Summary Judgment is DENIED as to the Americans with Disabilities claim set forth in Count I.

2. Defendant's motion for Summary Judgment is DENIED as to the Title VII claim set forth in Count II.

3. Plaintiff's claim for breach of an implied contract for continued employment set forth in Count III is DISMISSED.

4. Plaintiff's claim for breach of the implied covenant of good faith and fair dealing set forth in Count III is DISMISSED.

5. Plaintiff's negligence claim set forth in Count IV is DISMISSED.