**Lawrence WESLEY, Plaintiff,**

v.

**STANLEY DOOR SYSTEMS, INC., Defendant.**

**No. 95–75788.**

United States District Court, E.D. Michigan, Southern Division.

Nov. 7, 1997.

Frederick M. Hugger, Michael F. Saggau, Detroit, MI, for Plaintiff.

Matthew J. Boettcher, Detroit, MI, Elise M. Bloom, New York, NY, Jennifer B. Courtian, New York, NY, for Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

O'MEARA, District Judge.

This matter came before the court on Defendant's August 12, 1997 Motion for Summary Judgment and to Strike Plaintiff's Request for Compensatory and Punitive Damages. Plaintiff filed a response on September 10, 1997. Defendant filed a reply brief on October 1, 1997. Oral argument was heard on October 14, 1997. For the reasons set forth below, the court will grant Defendant's motion for summary judgment.

### BACKGROUND FACTS

Defendant Stanley Door hired Lawrence Wesley (Plaintiff) as one of approximately seventy-one temporary employees at its Troy, Michigan facility during the summer of 1994. At the end of the summer employment period, twenty-four employees were evaluated for nineteen full-time positions. Andrew Leja, the Plant Manager of the Troy facility in 1994, decided which summer employees would be offered full-time employment. Plaintiff, along with four others, was not offered a full-time position.

On November 27, 1995, Plaintiff filed this action alleging he was discriminated against in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 *et seq.* Plaintiff contends that he was not offered a position because his wife has multiple sclerosis. Plaintiff's entire case for discrimination rests on his allegation that Andrew Leja overheard Plaintiff's brief conversation with a co-worker about Plaintiff's wife's disability and his need for insurance.

### LAW AND ANALYSIS

#### A. Summary Judgment

Under Rule 56(c) of the Federal Rules of Civil Procedure, a court shall render summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The rule provides that "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that

there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986). The court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Bender v. Southland Corp.*, 749 F.2d 1205, 1210–11 (6th Cir.1984).

The movant bears the burden of demonstrating the absence of all genuine issues of material fact. *See Gregg v. Allen–Bradley Co.*, 801 F.2d 859, 861 (6th Cir.1986). The moving party need not produce evidence showing the absence of a genuine issue of material fact. Rather, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the moving party discharges that burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. *See* Fed.R.Civ.P. 56(3); *see also Gregg*, 801 F.2d at 861.

To create a genuine issue of material fact, however, the nonmovant must do more than present some evidence on a disputed issue. The United States Supreme Court stated that "[t]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) (citations omitted). *See Catrett*, 477 U.S. at 322–23, 106 S.Ct. at 2552–53; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). The standard for summary judgment mirrors the standard for a directed verdict under Federal Rule 50(a). *See Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511; *see also* Fed.R.Civ.P. 50(a). Consequently, a nonmovant must do more than raise some doubt as to the existence of a fact: the nonmovant must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact. *See Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F.Supp. 214, 217 (E.D.Mich. 1990), *aff'd*, 929 F.2d 701 (6th Cir.1991). The evidence itself need not be the sort admissible at trial. *See Ashbrook v. Block*, 917 F.2d 918, 921 (6th Cir.1990). The evidence, however, must be more than the nonmovant's own pleadings and affidavits. *See id.*

Defendant requests summary judgment on the following bases: 1) Plaintiff cannot establish a prima facie case of discrimination because Defendant had no knowledge of Plaintiff's wife's disability and that, even if Defendant had knowledge of Plaintiff's cannot establish a causal connection between his failure to be hired as a full-time employee and his wife's disability; 2) Defendant had a legitimate, non-discriminatory business reason for not offering Plaintiff a full-time position.

### 1. The Prima Facie Case

■ In its motion, Defendant contends that Plaintiff has failed to present a prima facie case of association discrimination under the ADA. Defendant claims that Plaintiff has presented no evidence to show that Defendant had any knowledge of Defendant's wife's multiple sclerosis. The ADA prohibits "excluding or otherwise denying equal jobs or benefits to a qualified individual because of the *known disability* of an individual with whom the qualified individual is *known* to have a relationship or association." 42 U.S.C. § 12112(b)(4) (emphases added).

■ In order to establish a prima facie case of association discrimination, a plaintiff must prove that: 1) plaintiff was in a protected class; 2) plaintiff was discharged; 3) at the time of his discharge, he was performing his job at a level that met his employer's legitimate expectations; and 4) his discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination. *See Ennis v. National Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 58 (4th Cir. 1995); *Deghand v. Wal–Mart Stores, Inc.*, 926 F.Supp. 1002, 1014 (D.Kan.1996).

Defendant contends that Plaintiff cannot establish a prima facie case of discrimination because Plaintiff is not a member of a protected class. That is, Plaintiff cannot demonstrate that he had a known association with a known disabled person. Defendant asserts that Andrew Leja, the plant manager who decided not to offer Plaintiff a full-time position, did not know Plaintiff's wife had multiple sclerosis. Leja Aff. ¶¶ 2–3. According to Plaintiff's deposition, Plaintiff never discussed his wife's condition with Andrew Leja, or any of his supervisors. Pl. Trans. at 47–48, 53–54. Plaintiff also admitted that he never discussed his desire to obtain medical insurance because of his wife's condition with any of his supervisors. Pl. Trans. at 54.

The basis of Plaintiff's belief that Defendant had knowledge of his wife's disability is a brief discussion Plaintiff had with co-worker Thad MacKillop about his wife's illness and the company's medical coverage. The conversation occurred about a month before Plaintiff was not offered a full-time position. Plaintiff claims that Mr. Leja stood ten feet away and listened intently to the discussion. Plaintiff explained that earlier he had been able to hear Leja's conversation with MacKillop, though he stood fifteen feet away. Leja denies having heard the conversation. Other than this single incident, Plaintiff believes Mr. Leja did not overhear any other conversations concerning his wife's illness. Pl. Trans. at 52. Plaintiff testified that Mr. Leja never discussed the conversation with Plaintiff and no one ever told Plaintiff that Leja overheard the conversation. *Id.*

■ Even if Defendant actually had knowledge of Plaintiff's wife's disability, Plaintiff cannot establish a causal connection between his failure to be hired as a full-time employee and his wife's disability. *See Lester v. Compass Bank*, 1997 WL 151782 *3 (N.D.Ala.1997) (granting summary judgment because the plaintiff failed to demonstrate any causal connection between his termination and his association with [a disabled person.]). During the meetings in which Leja and other supervisors discussed which summer employees would be hired full-time, no one discussed Plaintiff's wife's disability.

Ray Trans. at 32. Plaintiff also offers no evidence that Stanley failed to hire him for reasons of medical insurance coverage. Plaintiff contends that he did not get a position because Stanley is self-insured and did not want to take on the burden of providing medical insurance for his wife's condition. Defendant contends that there was no discussion of the cost of insurance for any of the potential hires during the meetings between Leja and the supervisors. Ray Trans. at 32. Leja claims that, at that time, he was not aware that Stanley had a self-funded benefit plan. Leja Trans. at 37. Further, Plaintiff provides no evidence to support his assumption that Stanley's insurance costs would have increased had Stanley hired him. Accordingly, the court concludes that Plaintiff's motion for summary judgment should be granted.

### 2. Legitimate Business Reason

■ Even if Plaintiff had successfully established a prima facie case of association discrimination, Defendant has articulated a legitimate, nondiscriminatory reason for not offering Wesley a full-time position. If a plaintiff succeeds in proving the prima facie case of discrimination, the defendant must articulate some legitimate, nondiscriminatory explanation for its actions. If the defendant articulates such an explanation for its actions, the plaintiff must then prove the defendant's explanation is pretext for intentional discrimination. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). The plaintiff retains the ultimate burden of persuading the trier of fact that he has been a victim of intentional discrimination. *See Hicks*, 509 U.S. at 515–16, 113 S.Ct. at 2751–52.

Defendant contends that it had a legitimate business reason for denying Plaintiff a full-time position. Defendant did not offer Plaintiff a full-time position based on his "total work performance." Mr. Leja testified that he saw Plaintiff wander away from his assigned workstation and talk to other employees during working hours. Leja Dep. at

45. He also testified that he saw Plaintiff in the cafeteria when he should have been at his workstation. *Id.* at 47, 4–10. In addition, Leja observed Plaintiff exchange money with Thad MacKillop while away from his workstation and suspected that Plaintiff might be involved in illegal activity. *Id.* at 44–45. Based on these observations, Leja, concerned about Plaintiff's conduct at the plant and its interference with the productivity of other employees, chose not to offer Plaintiff a full-time position with Stanley.

Plaintiff challenges Defendant's explanation on several grounds. First, Plaintiff and MacKillop both assert that they never exchanged money. Second, Plaintiff cites the testimony of several supervisors and group leaders at Stanley who contradict Leja's claim that Plaintiff often wandered from his workstation. Conway Aff. ¶ 4. Indeed, two of Plaintiff's supervisors from the summer of 1994 recommended him for full-time employment based on his past performance. Ray Trans. at 7; Spencer Trans. at 11. Plaintiff contends that supervisors praised Plaintiff's work during the course of the summer. Mark Conway, a group leader, stated: "Wesley was a good worker, He was smart, dedicated, and showed initiative." Conway Aff. ¶ 3–4. Thad MacKillop similarly testified that Plaintiff was an "outstanding worker, better than most other recent hires, and better than the other employees hired in the summer of 1994." MacKillop Aff. ¶ 3.

*St. Mary's Honor Ctr. v. Hicks* requires that a plaintiff show "both that the [proffered legitimate nondiscriminatory] reason was false, and that discrimination was the real reason." 509 U.S. at 511, 113 S.Ct. at 2749. Before becoming entitled to bring the case before the trier of fact. Plaintiff must produce sufficient evidence from which a jury can reasonably reject the employer's explanation and conclude that the employers decision to discharge was wrongfully based on discrimination. *See Manzer v. Diamond Shamrock Chem. Co.,* 29 F.3d 1078, 1083–84 (6th Cir.1994). Plaintiff's case rests solely on the assumption that Andrew Leja a overheard a brief conversation between Plaintiff and a co-worker during which Plaintiff asked for insurance information. Plaintiff's claim fails because Plaintiff has submitted no evidence establishing a causal connection between his failure to be hired as a full-time employee and his wife's disability that would support a finding of discrimination. Accordingly, the court concludes that Defendant's motion for summary judgment should be granted.

### ORDER

It is hereby **ORDERED** that Defendant's motion for summary judgment is **GRANTED.**

It is further **ORDERED** that Plaintiff's motion to name Stanley Home Automation, Inc. as a Defendant is **DISMISSED** as moot.

It is further **ORDERED** that Plaintiff's motion to Compel Response to Plaintiff's Supplemental Request for Documents and to Sanction Defendant for Contempt of Court is **DISMISSED** as moot.

### JUDGMENT

This action came before the Court, Honorable John Corbett O'Meara, District Judge, presiding, and the issues having been duly heard and a decision having been duly rendered,

**IT IS ORDERED AND ADJUDGED** that defendant's motion for summary judgment is **GRANTED.**