Susan **REDDINGER**

v.

**HOSPITAL CENTRAL SERVICES, INC.**

No. Civ.A. 97–5727.

United States District Court,
E.D. Pennsylvania.

May 5, 1998.

---

Richard J. Orloski, Orloski, Hinga & Pandaleon, Allentown, PA, for plaintiff.

John K. Baker, George C. Hlavac, Tallman, Hudders & Sorrentino, Allentown, PA, for defendant.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

Defendant, Hospital Central Services, Inc. has filed a motion to dismiss plaintiff's amended complaint alleging claims under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* and the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.* For the reasons detailed below, the motion shall be granted with leave to replead.

### Statement of Facts

According to the averments in the amended complaint, plaintiff Susan Reddinger began employment for Hospital Central Services in September, 1987 as a utility worker in the laundry room. Plaintiff's son, Kevin, born on October 4, 1984, suffers from cerebral palsy. Until January 4, 1996, plaintiff's mother cared for Kevin while plaintiff and her husband were working and when he was not in school, i.e., from 5:30 a.m. until school hours began and again from 2:00 to 4:00 p.m. On that date, however, plaintiff's mother broke her arm and, as a result, was temporarily unable to care for plaintiff's child.

Plaintiff asked Defendant for a temporary modification in her work schedule and/or that she be permitted to take her already earned vacation time to care for her son until her mother completed her convalescence. When defendant denied these requests, plaintiff decided to take unpaid leave under the Family and Medical Leave Act ("FMLA"). Defendant then set off one week of the unpaid leave against plaintiff's earned vacation time and subsequently terminated her upon her return to work on February 26, 1996, purportedly for attempting to seek protection under the Americans with Disabilities Act ("ADA") and in retaliation for attempting to exercise her rights under the FMLA. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") claiming that her termination violated the ADA and the FMLA. A claim for retaliation was not present in the Charge of Discrimination. A right to sue letter was issued by the EEOC in July, 1997 and Plaintiff filed this action in the United States District Court for the Eastern District of

Pennsylvania. Defendant now moves to dismiss.

## STANDARD OF REVIEW

Upon consideration of a motion to dismiss under Rule 12(b)(6) [1] of the Federal Rules of Civil Procedure, the district court shall take all allegations included in the complaint as true and construe them in the light most favorable to the plaintiff. *H.J. Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. 229, 249–50, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989); *Markowitz v. Northeast Land Co.,* 906 F.2d 100, 103 (3rd Cir.1990). The complaint shall be dismissed only if " 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " *Northwestern Bell,* 492 U.S. at 249–50, 109 S.Ct. 2893 (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)).

## DISCUSSION

### A. ADA Discrimination Claim.

■ Defendant first contends that it is entitled to a Rule 12(b)(6) dismissal because plaintiff does not establish a prima facie case under the ADA, particularly with regard to the ADA's "association provision."

Specifically, 42 U.S.C. § 12112 provides, in pertinent part:

**(a) General rule**

No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

**(b) Construction**

As used in subsection (a) of this section, the term "discriminate" includes—

(4) excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association.

A "qualified individual with a disability" under the ADA is defined as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).

■ Thus, the ADA prohibits employers from taking adverse employment action not only against a "qualified individual with a disability" because of the disability of such individual, but also against qualified individuals "because of the known disability of an individual with whom the qualified individual is known to have a relationship or association." *Tyndall v. National Education Centers, Inc. of California,* 31 F.3d 209, 214 (4th Cir.1994); *Padilla v. Buffalo State College Foundation,* 958 F.Supp. 124, 126 (W.D.N.Y. 1997), citing *inter alia,* 42 U.S.C. § 12112(b)(4); 29 C.F.R. § 1630.8 (1996). More specifically, the Interpretative Guidelines to the ADA provide that an employer may not make decisions based on the "belief that the employee would have to miss work in order to take care of a disabled person." *Id.,* quoting, *Tyndall* and 29 C.F.R. § 1630, App. (1996).

In analyzing employment discrimination claims brought pursuant to the ADA, the Courts apply the same three-part test first enunciated in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) that are applied to most other kinds of statutory discrimination claims. *Padilla,* at 126; *Walton v. Mental Health Ass'n of Southeastern Penn.,* 1997 WL 717053 (E.D.Pa.1997) at *3. Under this framework, a plaintiff must first make out a prima facie case of discrimination. Upon establishing a prima facie case, the burden of production shifts to the defendant to articulate some legitimate, non-discriminatory reason for the employee's termination which may be accomplished by introducing evidence

---

**1.** Rule 12(b)(6) states, in relevant part:

Every defense, in law or fact, to a claim for relief in any pleading ... shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may, at the option of the pleader be made by motion: ... (6) failure to state a claim upon which relief can be granted.

which, taken as true, would permit the conclusion that there was a non-discriminatory reason for the unfavorable employment decision. *Walton, supra,* citing, *inter alia, Lawrence v. National Westminster Bank of New Jersey,* 98 F.3d 61, 68–69 (3rd Cir.1996). *See Also: McGrenaghan v. St. Denis School,* 979 F.Supp. 323, 325 (E.D.Pa.1997).

██ In order to establish a prima facie case of association discrimination, a plaintiff must prove that: (1) he or she was in a protected class; (2) she was discharged; (3) at the time of her discharge, she was performing her job at a level that met her employer's legitimate expectations; and (4) her discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination. *Wesley v. Stanley Door Systems, Inc.,* 986 F.Supp. 433, 435 (E.D.Mi. 1997); *Barker v. International Paper Co.,* 993 F.Supp. 10, 14 (D.Me.1998). However, the ADA does not require an employer to restructure an employee's work schedule to enable the employee to care for a relative with a disability. *Tyndall, supra,* at 214; 29 C.F.R. § 1630. Thus, if an employee's termination is not based on any assumption regarding future absences related to their relative's care but is instead the result of a record of past absences and/or clear indication that additional time off will be needed in the future, no ADA violation has occurred. *Id.; Padilla, supra.* at 128.

In reviewing plaintiff's amended complaint in light of the foregoing principles, we find that she has adequately pled a prima facie cause of action for association discrimination. Specifically, the amended complaint avers that plaintiff is in a protected class in that her son has cerebral palsy and that defendant knew this. (Amended Complaint, ¶ 9). The allegations that plaintiff was employed by defendant since September, 1987, that she had an excellent work and performance record which resulted in at least one promotion since her hire and that when she asked for a temporary schedule modification to care for her son, Defendant denied her request, forced her to take unpaid leave and then terminated her upon her return, satisfy the requirements that plaintiff aver that she was discharged at a time when she was perform-

ing her job to her employer's expectations. (Amended Complaint, ¶ s6–9, 13–17). Finally, the averments set forth in paragraphs 19–20 of the Amended Complaint that plaintiff was fired after her return to work for attempting to seek protection under the ADA and because defendant assumed she would need accommodations in the future because of her son's disability, adequately plead that her discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination. Accordingly, the motion to dismiss the plaintiff's claim for association discrimination is denied.

**B. Retaliation Claim under the ADA.**

██ Defendant next argues that plaintiff's claim that she was terminated in retaliation for attempting to seek protection under the ADA must be dismissed as plaintiff did not allege retaliation in her EEOC complaint.

██ In order to properly sue an employer under the ADA, a plaintiff must first file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and receive a right to sue letter. *Morton v. GTE North, Inc.,* 922 F.Supp. 1169, 1177 (N.D.Tex.1996); *Doe v. Kohn, Nast & Graf, P.C.,* 866 F.Supp. 190, 196–197 (E.D.Pa.1994); 42 U.S.C. § 12117(a). The purpose of requiring resort to EEOC procedures before bringing a private suit is twofold: to give notice to the charged party and to promote voluntary compliance without litigation. *Bishop v. Okidata, Inc.,* 864 F.Supp. 416, 424–425 (D.N.J.1994), citing *Glus v. G.C. Murphy Co.,* 562 F.2d 880, 888 (3rd Cir. 1977); *Fieni v. Pocopson Home,* 1997 WL 220280 (E.D.Pa.1997) at *5. The scope of the civil complaint is accordingly limited by the charge filed with the EEOC and the investigation which can reasonably be expected to grow out of that charge. *Powers v. Grinnell Corporation,* 915 F.2d 34, 38 (1st Cir.1990).

██ An administrative charge is not, however, a blueprint for the litigation to follow. *Id.* For example, where discriminatory actions continue after the filing of an EEOC complaint, the purposes of the statutory scheme are not furthered by requiring the victim to file additional EEOC complaints and re-starting the 180 day waiting period

and the courts have recognized this in permitting suits based on new acts that occur during the pendency of the case which are fairly within the scope of an EEOC complaint or the investigation growing out of that complaint without requiring the filing of an additional administrative complaint. *Waiters v. Parsons,* 729 F.2d 233, 237 (3rd Cir.1984). The relevant test in determining whether (a claimant) is required to exhaust her administrative remedies ... is whether the acts alleged in the subsequent ... suit are fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom. *Id.; Antol v. Perry,* 82 F.3d 1291, 1295 (3rd Cir.1996); *Heid v. Dep't of the Navy of the United States,* 1997 WL 14474, *6 (E.D.Pa.1997); *Doe v. Kohn, Nast & Graf, supra.* at 197.

In this case, the plaintiff's EEOC complaint states, in relevant part:

".... My son, Kevin Reddinger, Jr. (d.o.b.10/04/84) has cerebral palsy. My mother cares for him while I am at work. On January 4, 1996, my mother fell and broke her arm and was unable to take care of my son. I went out on a leave of absence pursuant to the Family Medical Leave Act.

I returned to work on February 5, 1996 and was scheduled to receive a deduction on my disciplinary point report of 1 point on February 22, 1996. On February 26, 1996—after the deduction of this 1 point— my employer fired me for being 12 minutes late and claimed that I was not entitled to this deduction because I exercised my rights under the Family Medical Leave Act. The discharge was in violation of the Family Medical Leave Act and was initiated against me because of my son's disability...."

Although defendant is correct that in completing this complaint, plaintiff identified the "cause of discrimination" as being "disability" and "other—Family Medical Leave Act," we believe a plain reading of plaintiff's narrative clearly reflects a claim for retaliation as well. We therefore find that the retaliation claim arises out of the same set of facts surrounding the plaintiff's temporary absence from work to care for her son and her subsequent termination, allegedly as the result of and in retaliation for exercising her rights under the ADA and the FMLA. Plaintiff therefore did not need to file a separate EEOC complaint for retaliation in order to exhaust her administrative remedies.

### C. Defendant's Status as "Employer"

■ Defendant correctly points out that as a threshold to recovering under the ADA and the FMLA, plaintiff must first satisfy certain pleading requirements. Under the ADA, 42 U.S.C. § 12111(5), an "Employer"

... means a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such person ...

■ Where it cannot be shown that an alleged employer employs the requisite minimum number of employees, dismissal of an ADA claim is proper. *See, e.g.: Clarke v. Whitney,* 934 F.Supp. 148 (E.D.Pa.1996).

Similarly, under the FMLA, 29 U.S.C. § 2611(2)(A), (4), the terms "eligible employee" and "employer" are defined as follows:

**(2) Eligible employee**

**(A) In general**

The term "eligible employee" means an employee who has been employed—

(i) for at least 12 months by the employer with respect to whom leave is requested under section 2612 of this title; and

(ii) any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50....

**(4) Employer**

**(A) In general**

The term "employer"—

(i) means any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year;

(ii) includes—

(I) any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer; and

(II) any successor in interest of an employer; and

(iii) includes any "public agency" as defined in section 203(x) of this title.

 It is equally clear that in order to state a claim under the FMLA, a complaint must at least contain allegations which establish that, within the meaning of the FMLA, the defendant employer is an "employer" and the plaintiff employee is an "eligible employee." *Schmitt v. Beverly Health and Rehabilitation Services, Inc.*, 962 F.Supp. 1379, 1383–1384 (D.Kan.1997).

In this case, the amended complaint is completely devoid of any factual allegations regarding plaintiff's status as an eligible employee and defendant's status as an employer within the meaning of both the FMLA and the ADA. For these reasons, defendant's motion to dismiss must be granted. However, it is not clear to this Court on the record now before us that plaintiff will not be able to state a cause of action under the foregoing acts if she is given leave to re-plead. Accordingly, and in keeping with the policy of the federal rules to determine actions on their merits wherever possible, plaintiff shall be given twenty (20) days to file a Second Amended Complaint correcting these pleading deficiencies should she so desire. *See Also:* 5A Wright & Miller, *Federal Practice and Procedure: Civil 2d* § .1357,(2d Ed.1990).

An appropriate order follows.

### ORDER

AND NOW, this 5th day of May, 1998, upon consideration of Defendant's Motion to Dismiss Plaintiff's Amended Complaint, it is hereby ORDERED that the Motion is GRANTED and the Amended Complaint is DISMISSED for the reasons set forth in the preceding Memorandum Opinion.

IT IS FURTHER ORDERED that Plaintiff is granted twenty (20) days from the filing date of this order to file a Second Amended Complaint.