Roger **BIEROS**, Plaintiff,

v.

Police Chief **NICOLA**, Detective Cane, Officer Boland, Officer Martynuik, Officer Pizza, Officer Vuotto, Glenn Gerber, Esq., Dan Glammer, Esq., John Armstrong, Esq., Jeanette Dickerson, Esq., Michael F. Hamel, Nancy S. Samodelov, One Unknown Bridgeport Police Officer, Defendants.

Civ. A. No. 93–CV–4485.

United States District Court, E.D. Pennsylvania.

Aug. 5, 1994.

---

224

Roger Bieros, pro se.

Jonathan F. Altman, Altman & Associates, Philadelphia, PA, for defendants Nicola, Cane, Boland, Martynuik, Pizza, Vuotto, Hamel, Samodelov, One Unknown Bridgeport Policeman.

Walter S. Jenkins, Sweeney, Sheehan & Spencer, Philadelphia, PA, for defendants Gerber, Glammer, Armstrong and Dickerson.

## MEMORANDUM & ORDER

JOYNER, District Judge.

Presently before the Court is County Defendants'[1] Motion to Dismiss Plaintiff's Second Amended Complaint.

## I. HISTORY OF THE CASE

Plaintiff Bieros, an inmate at the state correctional institution in Graterford, Pennsylvania, filed a *pro se* complaint alleging civil rights violations arising from his arrest and subsequent conviction for assault. By orders dated December 9, 1993 and April 28, 1994 this Court dismissed with prejudice Plaintiff's claim of violation of 42 U.S.C. § 1986 and dismissed without prejudice granting leave to amend Plaintiff's claims of violations of 42 U.S.C. §§ 1983, 1985 and 1997[2] against County Defendants. County Defendants now seek dismissal of Plaintiff's Second Amended Complaint. By this order, all claims against County Defendants are dismissed.

## II. STANDARD

A Federal Rule of Civil Procedure 12(b)(6) motion to dismiss is the appropriate method by which to challenge the legal sufficiency of a claim. *See e.g. United States v. Marisol, Inc.*, 725 F.Supp. 833 (M.D.Pa.1989). The court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may also be taken into account. *Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808, 812 (3d Cir. 1990). The court must accept as true all of the matters pleaded and all reasonable inferences that can be drawn therefrom, construing them in the light most favorable to the non-moving party. *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir.1990); *Hough/Loew Assoc., Inc. v. CLX Realty Co.*, 760 F.Supp. 1141, 1142 (E.D.Pa.1991). A complaint is properly dismissed if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir.1988). Courts must

---

1. "County Defendants" are Public Defenders Glenn Gerber, Esquire, Dan Glammer, Esquire, John Armstrong, Esquire, Jeanette Dickerson, Esquire and Probation Officers Michael F. Hamel and Nancy S. Samodelov.

"Police Defendants" are Police Chief Nicola, Detective Cane, Officers Boland, Martynuik, Piz-

za, Vuotto and One Unknown Bridgeport Police Officer.

2. Plaintiff fails to allege any facts in support of his claim originally brought under .42 U.S.C. § 1997d.

construe *pro se* complaints liberally, and such complaints are held to less stringent standards than those drafted by attorneys. *Blassingale v. Administration at Suburban Gen. Hosp.*, No. CIV. A. 93–2601, 1993 WL 451491, at *1 (E.D.Pa. Nov. 3, 1993) (citations omitted); *Orrs v. Comings*, No. CIV. A. 92–6442, 1993 WL 418361, at *1 (E.D.Pa. Oct. 13, 1993) (citations omitted).

## III. *DISCUSSION*

### A. *42 U.S.C. § 1983*

Two essential elements must be alleged to state a section 1983[3] claim. First, the conduct complained of must be committed by someone acting under color of state law; and second, as a result of this conduct, plaintiff must be deprived of rights, privileges or immunities secured by the Constitution or the laws of the United States. *Cohen v. City of Philadelphia*, 736 F.2d 81, 83 (3d Cir. 1984), *cert. denied*, 469 U.S. 1019, 105 S.Ct. 434, 83 L.Ed.2d 360 (1984).

 Plaintiff has not sufficiently pleaded a section 1983 claim against Hamel and Samodelov. Probation officers appear to be state actors, *cf. Pittock v. McCray*, No. CIV. A. 92–5924, 1992 WL 310257 (E.D.Pa. Oct. 22, 1992), and due process guarantees convicted criminals the right not to be sentenced on materially false information. *United States v. McDowell*, 888 F.2d 285, 290 (3d Cir.1989) (citations omitted). *See also United States v. Gomez*, 831 F.2d 453, 455 (3d Cir.1987) (requiring the sentencing court to either resolve the dispute or not rely on the disputed information). Plaintiff alleges that Hamel and Samodelov deprived him of due process by knowingly using false information to compile a presentencing report which Plaintiff by court order could not review and correct. However, Plaintiff fails to allege any specific false information that was presented to and relied on by the sentencing court and that Plaintiff or defense counsel had no opportunity to rebut. Plaintiff cannot

support a claim that he was deprived of a fair sentencing hearing with merely conclusory allegations.

 Nor has Plaintiff sufficiently pleaded a section 1983 claim against Gerber, Glammer, Armstrong and Dickerson. Public defenders who conspire with state officials to deprive a person of constitutional rights are state actors for purposes of section 1983. *Dennis v. Sparks*, 449 U.S. 24, 27–28, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980); *Flowers v. Marino*, No. CIV. A. 93–1212, 1993 WL 331825, at *3 (E.D.Pa. Sept. 2, 1993). Plaintiffs must allege conspiracy with particularity, *Loftus v. Southeastern Pennsylvania Transportation Authority*, 843 F.Supp. 981 (E.D.Pa.1994) (citing *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, —— U.S. ——, ——, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517 (1993) and *Rose v. Bartle*, 871 F.2d 331, 366 (3d Cir.1989)), even though a heightened pleading standard does not apply to civil rights actions against individual defendants. *See e.g. Alexander v. Hargrove*, No. CIV. A. 93–5510, 1994 WL 313059, at *5 (E.D.Pa. June 28, 1994); *Comp v. Warren*, No. CIV. A. 93–5436, 1994 WL 30303, at *3 (E.D.Pa. Feb. 3, 1994); *McCallen v. Holland–Hull*, No. CIV. A. 93–3415, 1994 WL 34251, at *1 (E.D.Pa. Jan. 31, 1994); *Boone v. Falls Township*, No. CIV. A. 92–3909, 1993 WL 228909, *2 (E.D.Pa. June 17, 1993). Plaintiff alleges that public defenders Gerber, Glammer, Armstrong and Dickerson conferred with each other regarding Plaintiff's defense and failed to offer or argue for certain exculpatory evidence. However, as Plaintiff fails to allege that these public defenders conspired with any state actors, the section 1983 claim against these defendants must be dismissed.

### B. *42 U.S.C. § 1985(3)*

 Plaintiff's section 1985(3) claim against County Defendants must be dis-

3. Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia. 42 U.S.C. § 1983 (1981).

missed for failure to allege facts in support of a claim. Five elements must be alleged to state a section 1985(3)[4] claim: (1) a conspiracy by the defendants, (2) designed to deprive plaintiff of the equal protection of the laws, (3) the commission of an overt act in furtherance of that conspiracy, (4) a resultant injury to person or property or a deprivation of any right or privilege of citizens, and (5) defendant's actions were motivated by a racial or otherwise class-based invidiously discriminatory animus. *Carter F—3999 v. Cuyler,* 415 F.Supp. 852, 857 (E.D.Pa.1976) (citing *Griffin v. Breckenridge,* 403 U.S. 88, 102–03, 91 S.Ct. 1790, 1798–99, 29 L.Ed.2d 338 (1971)); *Whetzler v. Krause,* 411 F.Supp. 523, 528 (E.D.Pa.1976), *aff'd* 549 F.2d 797 (3d Cir. 1977). The last element above is dispositive of Plaintiff's claim as none of Plaintiff's allegations suggest that County Defendants were motivated by a racial or otherwise class-based invidiously discriminatory animus. Further, Plaintiff now acknowledges that he never based the conspiratorial actions of defendants Gerber, Glammer, Armstrong and Dickerson on a racial or otherwise class-based invidiously discriminatory animus, and purposely never advanced and stipulated to the dismissal of claims of discrimination against defendants Hamel and Samodelov. As such, Plaintiff's section 1985(3) claim fails.

## IV. *CONCLUSION*

As Plaintiff has been granted two opportunities to amend his complaint and still failed to sufficiently state any claims against County Defendants under sections 1983 and 1985(3), this court must grant County Defendants' motion to dismiss Plaintiff's Second Amended Complaint with prejudice.

### *ORDER*

AND NOW, this 5th day of August, 1994, upon consideration of County Defendants'

---

4. If two or more persons in any State or Territory conspire ... for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws ... [and] if one or more persons

Motion to Dismiss Plaintiff's Second Amended Complaint and Plaintiff's Response thereto, it is hereby ORDERED that County Defendants' Motion is GRANTED and all claims against Defendants Hamel, Samodelov, Gerber, Glammer, Armstrong and Dickerson are DISMISSED WITH PREJUDICE.

engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators. 42 U.S.C. § 1985(3).