Raymond C. DAVIES, Jr., Plaintiff,

v.

POLYSCIENCE, INC. and Barry Konet, Defendants.

No. CIV. A. 00–CV–4546.

United States District Court, E.D. Pennsylvania.

Jan. 8, 2001.

Brian K. Wiley, Dessen, Moses & Sheinoff, Jenkintown, PA, for plaintiff.

Daniel K. Dugan, Kenneth La Fiandra, Spector Gadon & Rosen, P.C., Philadelphia, PA, for defendants.

### MEMORANDUM

JOYNER, District Judge.

This is an employment discrimination case brought by Plaintiff Raymond C. Davies, Jr. ("Plaintiff") against Defendants Polyscience, Inc. ("Polyscience") and Polyscience's Vice President Barry Konet ("Konet"). In his Complaint, Plaintiff alleges that Defendants failed to accommodate his disability and retaliated against him in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA") and the Pennsylvania Human Relations Act, 43 P.S. §§ 951–963 ("PHRA"). Plaintiff also alleges that Defendants violated the Civil Rights Act of 1866, 42 U.S.C. § 1981, and Title VII of the Voting Rights Act of 1964, 42 U.S.C. § 2000e, *et*

*seq.* Presently before the Court is Defendants' Motion to Dismiss Counts II, IV, And All Claims Against Defendant Barry Konet. For the reasons below, we will grant Defendants' Motion in part and deny it in part.

## BACKGROUND

Accepting Plaintiff's allegations as true, the relevant facts are as follows. Polyscience is a chemical manufacturing company located in Warrington, Pennsylvania. In March 1994, Polyscience hired Plaintiff as a chemist to work in its production laboratory. At the time he applied for the position, Plaintiff indicated that he suffered from a pre-existing back injury that limited his ability to perform heavy lifting. The chemist position Plaintiff was hired to fill involved only non-strenuous laboratory work; however, once Plaintiff began at Polyscience, he was assigned to a manufacturing position that required lifting. As a result of the strenuous work, Plaintiff reinjured his back and groin. Plaintiff's physician thereafter recommended that Plaintiff be placed on light duty, and Polyscience complied by assigning Plaintiff to laboratory work. Some time later, however, Plaintiff was removed from the laboratory and reassigned back to the manufacturing department.

The manufacturing work again proved too taxing, and Plaintiff suffered another injury in the form of a hernia. In January 1995, Plaintiff sent Polyscience medical documentation of his new injury and informed the company that he was unable to work at all for eight weeks while recuperating from surgery. Vice President Konet responded to Plaintiff's announcement by refusing to continue to compensate him and threatening him with discipline and discrimination.

As a result of this mistreatment, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on March 14, 1995. On March 30, 1995, after receiving notice of Plaintiff's charge, Polyscience terminated Plaintiff's employment for alleged misconduct. Conciliation efforts failed, and Plaintiff received his right to sue letter on June 9, 2000. On September 7, 2000, Plaintiff commenced this action.

## DISCUSSION

### I. *Legal Standard*

When considering a motion to dismiss under Rule 12(b)(6), a court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir.2000) (internal quotations omitted). A motion to dismiss may only be granted where the allegations fail to state any claim upon which relief can be granted. *See Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir.1997). Dismissal is warranted "if it is certain that no relief can be granted under any set of facts which could be proved." *Klein v. General Nutrition Cos., Inc.*, 186 F.3d 338, 342 (3d Cir.1999) (internal quotations omitted).

### II. *Count II: Section 1981 Claims*

First, Defendants argue that Plaintiff has failed to state a § 1981 claim because he has failed to allege any racial discrimination. We agree.

The Civil Rights Act of 1866, 42 U.S.C. § 1981, prohibits discrimination on the basis of race.[1] *See, e.g., Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 302, 114 S.Ct. 1510, 128 L.Ed.2d 274 (1994); *St. Francis College v. Al-Khazraji*, 481 U.S. 604, 613, 107 S.Ct. 2022, 95 L.Ed.2d 582 (1987). It is undisputed that Plaintiff makes no allegation of any racial discrimi-

---

1. The statute provides:
   All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. § 1981.

nation in his Complaint. Instead, Plaintiff argues that § 1981 also applies to disability discrimination. Plaintiff's reading of the law is incorrect; § 1981 liability does not extend to discrimination based on disability. *See, e.g., Aramburu v. Boeing Co.,* 112 F.3d 1398, 1411 (10th Cir.1997); *Jackson v. Dana Corp.,* No. CIV.A. 98–5431, 1999 WL 1018241, at *11 (E.D.Pa. Nov.9, 1999); *Duane v. Government Employees Ins. Co.,* 784 F.Supp. 1209, 1216 (D.Md. 1992), *aff'd,* 37 F.3d 1036 (4th Cir.1994); *Duncan v. AT & T Communications, Inc.,* 668 F.Supp. 232 (S.D.N.Y.1987). The cases offered by Plaintiff in his Response simply do not stand for the proposition for which they are cited.[2] Accordingly, we will grant Defendants' Motion with respect to all § 1981 claims.

### III. *All Claims Against Konet*

Next, Defendants argue that all claims against Konet should be dismissed for failure to state a claim or, alternatively, for failure to exhaust administrative remedies. Because administrative exhaustion is a jurisdictional prerequisite to bringing suit, *see McLaughlin v. Rose Tree Media Sch. Dist.,* 1 F.Supp.2d 476, 481 n. 9 (E.D.Pa. 1998), we will examine Defendants' latter argument first. Having done so, we agree that Plaintiff has not exhausted his administrative remedies with respect to Konet.

■ Before pursuing an ADA or PHRA claim in court, a plaintiff must exhaust his administrative remedies by filing with the appropriate state or federal agency. *See, e.g., Dubose v. District 1199C,* 105 F.Supp.2d 403, 410–11 (E.D.Pa.2000).

"The purpose of filing before the PHRC/ EEOC is to alert concerned parties of the opportunity for voluntary conciliation without the animosity, expense, and publicity of litigation." *Kinnally v. Bell of Pennsylvania,* 748 F.Supp. 1136, 1140 (E.D.Pa. 1990). Under certain circumstances, however, a plaintiff may proceed with suit against a party not named in the administrative complaint. The Third Circuit has recognized such an exception to the exhaustion requirement "when the unnamed party received notice and when there is a shared commonality of interest with the named party." *Schafer v. Board of Public Educ.,* 903 F.2d 243, 252 (3d Cir.1990); *see also Glus v. G.C. Murphy Co.,* 629 F.2d 248, 251 (3d Cir.1980) (stating four-part test for exception to exhaustion requirement). This exception has been applied by courts in a variety of situations. *See, e.g., Glickstein v. Neshaminy Sch. Dist.,* No. CIV.A. 96–6236, 1999 WL 58578 (E.D.Pa. Jan.26, 1999) (party named in body of EEOC complaint on notice even if not named in caption); *Kinnally,* 748 F.Supp. at 1140–41 (same).

■ Here, Plaintiff does not respond to Defendants' argument that he failed to exhaust his administrative remedies with respect to Konet. Our own examination of the EEOC right to sue letter reveals that the only respondent named therein is Polyscience.[3] Moreover, Konet is not named or referred to in the text of the right to sue letter, nor is he mentioned anywhere in Plaintiff's EEOC charge of discrimination. Thus, there is no basis whatsoever for concluding that Konet had notice of the

---

2. Especially puzzling is Plaintiff's citation to *Anderson v. Conboy,* 156 F.3d 167 (2nd Cir. 1998). Aside from not being controlling law in this Circuit, *Conboy* does not address whether, much less hold that, § 1981 extends to disability discrimination. While *Conboy* recognized that § 1981's prohibition of racial discrimination encompassed discrimination based on ancestry and ethnic characteristics, it also recognized that § 1981 "does not prohibit discrimination on the basis of gender or religion." *Id.* at 169–70 (holding that § 1981 also encompasses alienage discrimination).

3. Although generally courts may not look beyond the complaint in deciding a motion to dismiss under Rule 12(b)(6), they may consider "an undisputedly authentic document that a defendant attaches to a motion to dismiss if the plaintiff's claims are based on that document." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir.1993) (internal quotations omitted). The attached right to sue letter meets this definition, and therefore, we may consider it without converting Defendants' Motion into a summary judgment motion.

claims against him or the opportunity to conciliate prior to commencement of this action. As a result, we find that the exhaustion exception does not apply and that Plaintiff has failed to exhaust his administrative remedies. *See Dixon v. Philadelphia Hous. Auth.*, 43 F.Supp.2d 543, 545–46 (E.D.Pa.1999) (finding exhaustion exception inapplicable and dismissing complaint for failure to exhaust); *Rose Tree*, 1 F.Supp.2d at 482 (same). Accordingly, Defendants' Motion with respect to all claims against Konet is granted.[4]

## V. *Count IV: Duplicative Claims*

Finally, Defendants argue that Count IV of the Complaint should be dismissed because it merely duplicates claims made elsewhere in the Complaint. Although Plaintiff's Complaint perhaps could have been plead with more clarity, we find that dismissal of Count IV is unnecessary. Reading the Complaint as a whole, it appears that Plaintiff is attempting to plead a failure to accommodate claim under the ADA in Count I, a failure to accommodate claim under the PHRA in Count III, and a retaliation claim under both statutes in Count IV. Failure to accommodate and retaliation are separate legal claims under both the state and federal statutes. Thus, while we do not express any opinion on the merit of these claims, we see no need to dismiss Count IV on grounds that it is surplusage. Accordingly, Defendants' Motion is denied in this respect.

## CONCLUSION

An appropriate Order follows.

## *ORDER*

AND NOW, this day of January, 2001, upon consideration of Defendants' Motion

to Dismiss (Document No. 4), and Plaintiff's Response thereto, it is hereby ORDERED that Defendants' Motion is GRANTED in part and DENIED in part as follows:

**(1) Count II is DISMISSED WITH PREJUDICE;**

**(2) All claims against Defendant Barry Konet are DISMISSED WITHOUT PREJUDICE; and**

**(3) Count IV is NOT DISMISSED.**

---

**4.** We also note that, irrespective of exhaustion, the consensus view is that individual liability is not available under the ADA. *See, e.g., Fullman v. Philadelphia Int'l Airport*, 49 F.Supp.2d 434, 441 (E.D.Pa.1999); *Brannaka v. Bergey's, Inc.*, No. 97–CV–6921, 1998 WL 195660, at *1 (E.D.Pa. Mar.30, 1998); *Saylor v. Ridge*, 989 F.Supp. 680, 688–89 (E.D.Pa. 1998). *Cf. Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1078 (3d Cir.1996) (no individual liability under Title VII); *Sheridan v. E.I. DuPont de Nemours & Co.*, No. 94–7509, 1996 WL 36283, at *13 (ADA definitions on who can be liable "mirror [those] of Title VII."), *vacated on other grounds by* 100 F.3d 1061 (3d Cir.1996) (en banc). The same is not necessarily true under the PHRA. *See* 43 P.S. § 955(e) (allowing for accomplice liability for individual employees who aid and abet a § 955(a) violation by their employer).