**Gregory DIXON, Plaintiff,**

v.

**PHILADELPHIA HOUSING AUTHORITY, Defendant.**

**No. CIV. A. 96–7623.**

United States District Court,
E.D. Pennsylvania.

April 15, 1999.

Gregory Dixon, Philadelphia, PA, pro se.

Frank A. Chernak, Montgomery, McCracken, Walker & Rhoads, Phildelphia, PA, for Defendant.

### *MEMORANDUM & ORDER*

KATZ, Senior District Judge.

Plaintiff Gregory Dixon complains that his termination from his position as a mechanic for the Philadelphia Housing Authority (PHA) was unfair. Before the court is the PHA's motion to dismiss the complaint pursuant to Rule 12(b)(1) or 12(b)(6), or in the alternative for summary judgment. PHA argues that this case should be dismissed because Mr. Dixon failed to exhaust his administrative remedies with the EEOC before filing this Title VII action.[1]

Preliminarily, the court must decide which of the proposed legal standards—that of Rule 12(b)(1), 12(b)(6), or 56(c)—should be applied. *Robinson v. Dalton,* 107 F.3d 1018 (3d Cir.1997), instructs that a motion to dismiss a Title VII suit for failure to exhaust the EEOC process should be treated as a Rule 12(b)(6) motion rather than one under Rule 12(b)(1). *See id.* at 1022.

The next question is whether the court may consider the EEOC complaint itself, which was not attached to the complaint,[2] without converting this to a summary judgment motion. Ordinarily a court is limited to considering the face of the pleadings on a 12(b)(6) motion, but the Third Circuit has acknowledged an exception to that rule:

> We now hold that a court may consider an undisputedly authentic document that a defendant attaches to a motion to dismiss if the plaintiff's claims are based on the document. Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied.

*Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir.1993) (internal citations omitted); *see also Larmore v. RCP/JAS, Inc.,* No. Civ.A. 97–5330, 1998 WL 372647, at *2 n. 2 (E.D.Pa. May 19, 1998) (construing that rule to allow the court to consider "several exhibits to [defendant']s motion relating to the plaintiff's EEOC complaint"). The court explained,

> Our decision will not undermine the rationale underlying Rule 12(b)(6)'s requirement that a motion to dismiss be converted to a summary judgment motion if a court considers matters outside the pleadings. The reason that a court

---

1. PHA also argues that the case should be dismissed because the complaint fails to assert the basis of PHA's alleged discrimination. The court need not reach this second argument.

2. Plaintiff did attach his right-to-sue letter, and his complaint refers to the EEOC process in that it states that he has "been granted the Right to Sue by the Equal Employment Opportunity Commission." Compl.

must convert a motion to dismiss to a summary judgment motion if it considers extraneous evidence submitted by the defense is to afford the plaintiff an opportunity to respond. When a complaint relies on a document, however, the plaintiff obviously is on notice of the contents of the document, and the need for a chance to refute evidence is greatly diminished.

*Pension Benefit,* 998 F.2d at 1196–97 (internal cite omitted). This reasoning applies to the consideration of plaintiff's EEOC complaint in the present case, and thus the court can consider it without converting the motion to dismiss to a summary judgment motion.

A Title VII action ordinarily may be brought only against a party previously named in an EEOC action. *See* 42 U.S.C. § 2000e–5(f)(1). As the Third Circuit has explained, "The purpose of requiring an aggrieved party to resort first to the EEOC is twofold: to give notice to the charged party and provide an avenue for voluntary compliance without resort to litigation." *Glus v. G.C. Murphy Co.,* 562 F.2d 880, 888 (3d Cir.1977); *see also Kinnally v. Bell of Pennsylvania,* 748 F.Supp. 1136, 1140 (E.D.Pa.1990) ("The purpose of filing before the PHRC/EEOC is to alert concerned parties of the opportunity for voluntary conciliation without the animosity, expense, and publicity of litigation.").

Mr. Dixon filed an EEOC complaint against his union, Firemen's and Oilers' Local 473. *See* Ex. B. He alleged race discrimination by the union in that it did not give him adequate representation:

Local 473 is a predominantly white union and all of its officers and business agents are white. . . . It is common knowledge among black members that Local Union 473 do[es] not represent its black members as aggressively as it does its white members. . . . I believe that the union refused to properly represent me solely on the basis of my race,

black[,] in violation of the Civil Rights Act of 1964, as amended.

Ex. B; Ex. C Att. 1.

The PHA is mentioned in the EEOC complaint, because the complaint explains that plaintiff's charges against his union stemmed from its representation of him against PHA in the proceedings that resulted in his termination from PHA. The court is aware that in some cases judges in this district have ruled that a party named in the body of the EEOC complaint is on notice even if not named in the caption of the complaint, reasoning that "Title VII must be construed liberally to prevent its jurisdictional requirement from thwarting the statute's substantive policies. . . . Naming the defendants in the charge ensures that they will know of and participate in the [administrative] proceedings, and gives them an opportunity to resolve matters informally, without further litigation." *Glickstein v. Neshaminy School Dist.,* No. Civ. A. 96–6236, 1999 WL 58578 (E.D.Pa. Jan.26, 1999). For example, in *Kinnally v. Bell of Pennsylvania,* 748 F.Supp. 1136 (E.D.Pa.1990), Judge Pollak held that the plaintiff sufficiently complied with the exhaustion requirement as to the individual defendants, notwithstanding that the employer corporation was the only party formally designated as a respondent in the administrative complaint. *See id.* at 1139–40. The court reasoned that the individuals "received every indication that their conduct was being formally reviewed," because the plaintiff "describ[ed] the conduct of these individuals in the factual statement accompanying her complaint." *Id.* at 1140. In *Glickstein,* the situation was similar: the plaintiff's administrative charge technically named only the employer school district, but in the body of the complaint she cited conduct by individual defendants. *See* 1999 WL 58578 at \*6.

In both of those cases, the unnamed parties were individuals who had committed the allegedly discriminatory acts attributable to the named party, and the administrative complaint described the

conduct and asserted that conduct was part of the discrimination by the named party. The situation in the present case, however, is different—the body of the complaint does not refer to the PHA as a party that had anything to do with the union's discrimination against Mr. Dixon, and nothing in the complaint alleges discrimination by the PHA. It is a substantively different charge to say that the PHA discriminated against plaintiff by firing him, as plaintiff does in the present case, than to say that his union discriminated against him by representing him poorly, as he did in his EEOC complaint. In fact, plaintiff is not even suing the union in this case, but only the PHA. Consequently, the EEOC complaint charged one party with one act of discrimination, and this case charges another party with another act of discrimination. Nothing in the EEOC complaint could have informed either the PHA or the EEOC that Mr. Dixon thought PHA discriminated against him in an entirely different way than the union did, and thus it did not realistically provide the PHA a chance to participate in the administrative process. Under these circumstances, the court cannot say that plaintiff exhausted his EEOC remedies against the PHA by filing his complaint against the union.

The Third Circuit recognizes another narrow exception to the exhaustion requirement "when the unnamed party received notice and when there is a shared commonality of interest with the named party." *Schafer v. Board of Public Educ.,* 903 F.2d 243, 252 (3d Cir.1990). This articulation of the exception is a shorthand version of the four-part test stated in *Glus v. G.C. Murphy Co.,* 629 F.2d 248 (3d Cir.1980), *vacated on other grounds,* 451 U.S. 935, 101 S.Ct. 2013, 68 L.Ed.2d 321 (1981):

1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; [and] 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Id.* at 251. The court instructed, "This four-prong test is not a mechanical one; no single factor is decisive. Instead each factor should be evaluated in light of the statutory purposes of Title VII and the interests of both parties." *Id.*

The same reasoning as discussed on the first point also leads to the conclusion that the *Glus* exception does not apply. There is no commonality of interest between the union and PHA where the plaintiff alleges different acts of discrimination against each of them. *Compare Goodman v. Lukens Steel Co.,* 777 F.2d 113, 127–28 (3d Cir.1985) (EEOC complaint against employer not read to be against union also, because no commonality of interest or actual notice to union), *with Glus,* 629 F.2d at 251 (charges against international union could be adjudicated because the original EEOC complaint had named a local union whose interests were the same and the international union had received notice). It follows that PHA's interests were not represented in any administrative conciliation proceedings, and it was thus prejudiced. Therefore, the exception does not apply, and again the court cannot say that Mr. Dixon satisfied the administrative filing prerequisite as to PHA by filing a complaint against his union.

Because plaintiff failed to exhaust his administrative remedies, the complaint must be dismissed. An appropriate Order follows.

## ORDER

AND NOW, this day of April, 1999, upon consideration of defendant's Motion to Dismiss, it is hereby **ORDERED** that said motion is **GRANTED** for the reasons explained in the foregoing Memorandum.