Charlene H. MCINERNEY, et al., Plaintiffs,

v.

MOYER LUMBER AND HARDWARE, INC., et al., Defendants.

No. CIV.A. 02–1540.

United States District Court, E.D. Pennsylvania.

Dec. 31, 2002.

Raymond G. Bush, Law Offices of Raymond G. Bush, Bethlehem, PA, for plaintiffs.

Sean M. Hart, Heimbach, Spitko & Heckman, Allentown, PA, for defendants.

## MEMORANDUM

RUFE, District Judge.

Before the Court is Defendants' Motion to Dismiss and Motion to Strike Plaintiffs' Complaint. For the reasons set forth below, Defendants' motion will be granted in part and denied in part.

## I. STANDARD OF REVIEW [1]

■ A court should not dismiss a complaint under Rule 12(b)(6) for failure to state a claim for relief "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In evaluating whether dismissal is proper, a court must accept all the factual allegations of the complaint as true, and must draw all reasonable inferences to aid the pleader. *See Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 559 (3d Cir.2002). In addition to the complaint, a court may properly consider "an undisputably authentic document that a defendant attaches to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir.1993). Accordingly, this Court may consider Plaintiff McInerney's EEOC complaints, which are appended to both parties' pleadings. *See, e.g., Dixon v. Phila. Hous. Auth.*, 43 F.Supp.2d 543, 544–545 (E.D.Pa.1999) (considering plaintiff's EEOC complaint on a motion to dismiss).

## II. BACKGROUND

The following allegations are taken from Plaintiffs' Amended Complaint. Plaintiffs are wife and husband, Charlene and Michael McInerney. For the sake of clarity, hereinafter all references to "McInerney" refer to Charlene McInerney, unless otherwise noted. Defendants are McInerney's former employer, Moyer Lumber and Hardware, Inc. ("MLH"); the chief executive officer and owner of MLH, Gary L. Moyer ("Moyer"); a MLH co-manager, Steve Marino ("Marino"); MLH co-manager Everett Allen ("Allen"); and MLH back-up manager Joseph Thompson ("Thompson"). All of the relevant events took place in Pennsylvania.

McInerney suffers from debilitating back and hip pain resulting from atypical sacrolititis, Cushing's Syndrome, hypothyroidism, hypertension, diabetes mellitus, fibromylagia, and hyperlipidemia.[2] These conditions limit her ability to walk, stand, bend, stoop, reach and lift. MLH hired McInerney in September 1998 as a part-time cashier. The Amended Complaint lists numerous incidents of harassment and retaliation by Defendants that occurred continuously from approximately September 1998 to March 2000: refusing to allow her to park close to the MLH premises even though she had a handicap placard for her vehicle and while non-disabled employees were permitted to park close to the building to protect their automobiles; impeding her ability to access her belongings, food, and timecard; denying her raises for discriminatory reasons when other non-disabled employees were receiving them as a matter of course; denying her access to company profit sharing and/or 401k information; falsely advising individuals that called for her at work that she was unavailable and/or failing to advise her that they had called, including doctors and close family members who had called for her; failing to advise her of the manner in which employee discounts were to be calculated; compelling her to "beg" for her paycheck in a demeaning fashion; permitting non-disabled individuals to avoid unpleasant inventory and stock assignments but purposefully making such assignments mandatory for her when they knew that they were not regular and es-

---

1. The appropriate standard governing Defendants' Motion to Strike is discussed *infra* at Part III.F.

2. All spelling is taken from the Amended Complaint.

sential duties of her position; and making disparaging and unwelcome comments about her disabilities and lunch. *See* Amended Complaint ¶ 25.

On March 7, 2000, McInerney complained to Defendants Marino, Allen, and Thompson that performance of her assigned stock duties caused her debilitating pain, but her repeated requests to be excused from stock assignment were ignored. Soon thereafter, Defendant Allen told McInerney that her attendance was unacceptable, and McInerney was terminated on March 28, 2000.

McInerney filed an administrative complaint with the U.S. Equal Employment Opportunity Commission ("EEOC"), dual-filed with the Pennsylvania Human Relations Commission ("PHRC"), on September 15, 2000. A notarized, file-stamped copy is attached to Defendants' Brief in Support of Their Motion to Dismiss and Motion to Strike the Amended Complaint ("Defendants' Brief").[3, 4] On March 25, 2002, the EEOC issued to McInerney a right to sue letter.

Plaintiffs filed the instant action on March 25, 2002, and filed the Amended Complaint on April 30, 2002. In the Amended Complaint, Plaintiffs allege discrimination and failure to reasonably accommodate in violation of the Americans with Disabilities Act, 42 U.S.C. § 12132 *et seq.* (the "ADA") (Count 1); harassment and retaliation in violation of the ADA (Count 2); discrimination and failure to reasonably accommodate in violation of the Pennsylvania Human Relations Act, 43 P.S. § 953 *et seq.* (the "PHRA") (Count 3); harassment and retaliation in violation of the PHRA (Count 4); violations of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* (the "FMLA") (Count 5); a state tort cause of action for intentional infliction of emotional distress (Count 6); and Plaintiff Michael McInerney's claim for loss of consortium (Count 7). Defendants moved to dismiss and strike portions of the Amended Complaint on June 14, 2002. The case was randomly reassigned to this judge on June 28, 2002, and the Court held a status conference in chambers with counsel on August 13, 2002. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331, 1367.

## III. DISCUSSION

### A. Motion to Dismiss Plaintiffs' ADA Claims Against the Individual Defendants

■ Defendants first argue that Plaintiffs' ADA claims against the individual defendants should be dismissed because the ADA does not allow for individual liability. Count I alleges discrimination and failure to accommodate against all Defendants under Title I of the ADA, specifically § 102, 42 U.S.C. § 12112. Count II alleges harassment and retaliation against all Defendants under Title V of the ADA, specifically § 503, 42 U.S.C. § 12203.

The ADA forbids discrimination by any "covered entity," defined as "an employer,

---

**3.** The copy attached to Defendants' Brief is missing page 2. However, Plaintiffs append to their Response to Defendants' Motion a complete copy of the same document. Plaintiffs' copy is also notarized, but it is not file-stamped by the EEOC. Plaintiffs do not dispute that this document was filed on September 15, 2000, so the Court will accept the filing date as correct. In reviewing the sub- stance of the administrative complaint, the Court will look to Plaintiffs' complete copy.

**4.** After this point, the pleadings and attached exhibits are not entirely clear on the procedural history, although it appears that McInerney filed a second administrative complaint on April 19, 2001. Regardless, only the first administrative complaint is at issue on the present motions before the court.

employment agency, labor organization, or joint labor-management committee." 42 U.S.C. §§ 12112(a), 12111(2). An "employer" is "a person engaged in an industry affecting commerce who has 15 or more employees ... and any agent of such person." 42 U.S.C. § 12111(5)(A). Plaintiffs do not contend that the individual defendants in this case are employers, as that term is used in the Act. Rather, they contend that the individual defendants, each of whom is an employee of Defendant MLH, are named "in their corporate capacities as agents of Defendant Moyer Lumber." Brief in Support of Plaintiffs' Response at 9. Therefore, the argument goes, they are properly named Defendants because they are "agents" of their employer, MLH. *See id.*

The United States Supreme Court has not addressed whether individuals may be held liable under Title I of the ADA. Although the Third Circuit has not addressed this question directly, either, it noted recently in dicta that "there appears to be no individual liability for damages under Title I of the ADA." *Koslow v. Pennsylvania*, 302 F.3d 161, 178 (3d Cir. 2002). In addition, a growing number of district courts in this Circuit have concluded that there is no individual liability under the ADA, and this appears to be the consensus view. *See, e.g., Douris v. Schweiker*, 229 F.Supp.2d 391, 396–99 (E.D.Pa.2002) (collecting cases finding no individual liability under the ADA) (finding no individual liability under Title V of ADA); *Perepchuk v. Friendly's Ice Cream Corp.*, No. 3:CV–97–1998, 2000 WL 1372876, at *4 (E.D.Pa. Mar. 28, 2000) (no individual liability under ADA); *Fullman v. Philadelphia Int'l Airport*, 49 F.Supp.2d 434, 440–41 (E.D.Pa.1999) (same); *Metzgar v. Lehigh Valley Hous. Auth.*, No. Civ.A. 98–CV–3304, 1999 WL 562756, at *3 (E.D.Pa. July 27, 1999) (same). The Court is persuaded that these cases rest on

sound reasoning, and will follow their lead. Although Plaintiffs insist that they do not seek to impose individual liability on the individual defendants, the Court today resolves any uncertainty as to this question. The Court holds that Plaintiffs' ADA claims against the individual defendants are precluded as a matter of law, and are thus dismissed with prejudice.

**B. Motion to Dismiss Plaintiffs' PHRA Claims Against the Individual Defendants**

■ Defendants move to dismiss Plaintiffs' PHRA charges against the individual Defendants because Plaintiff McInerney failed to include them in her initial administrative complaint before the EEOC. Under the PHRA, a plaintiff must first file an administrative charge with the PHRC within 180 days of the date of the alleged act of discrimination. 43 Pa.C.S. § 959(h). Absent circumstances justifying equitable tolling, if the administrative charge is not timely filed, the plaintiff is precluded from seeking judicial relief. *Woodson v. Scott Paper Co.*, 109 F.3d 913, 925 (3d Cir.1997). This filing requirement is strictly construed and enforced. *Id.* Plaintiff McInerney timely filed her first administrative complaint with the EEOC on September 15, 2000. *See* Ex. B. to Defendants' Motion. Defendants contend that because she named only Defendant MLH as a respondent, her claims against the individual defendants are precluded for failure to exhaust her administrative remedies against them. Courts have not interpreted the PHRA in this way. A plaintiff's claims are preserved as long as she names the defendants in the body of the EEOC administrative complaint because it provides the defendants with the requisite notice that their conduct is under formal review. It is not necessary that the defendants be named in the

caption as a respondent. *See, e.g., Diep v. Southwark Metal Mfg. Co.,* No. Civ.A. 00–6136, 2001 WL 283146, at *3 (E.D.Pa. Mar. 19, 2001) (concluding administrative remedies were exhausted when defendants were named in body of EEOC complaint); *Glickstein v. Neshaminy Sch. Dist.,* No. Civ.A. 96–6236, 1999 WL 58578, at *6 (E.D.Pa. Jan. 26, 1999) (same). Because McInerney names Defendants MLH, Marino, Thompson, and Allen in her September 15, 2000 filing with the EEOC, Defendants' motion as to these defendants is denied.

■■■■ Plaintiffs also name Defendant Moyer in his individual capacity for violations of the PHRA. Yet, Moyer is not named in McInerney's September 15, 2000 filing.[5] However, a plaintiff may proceed against a party not named in the administrative complaint "when the unnamed party received notice and when there is a shared commonality of interest with the named party." *Schafer v. Board of Public Educ.,* 903 F.2d 243, 252 (3d Cir.1990).[6] As the owner of MLH and Hardware, Defendant Moyer certainly had notice that his company was under investigation for discriminatory conduct. As such, he surely recognized that he may be subject to suit in his official capacity as owner of the business. However, there is nothing in the administrative complaints to suggest that McInerney sought to charge Defen-

dant Moyer in his *individual* capacity. Unlike Defendants MLH, Marino, Thompson, and Allen, Gary Moyer is not named anywhere in the administrative complaints, and there are no allegations therein that his personal conduct contravened the law. Accordingly, Defendant Moyer could not have had any notice that he would be subject to suit in his individual capacity. Accordingly, Plaintiffs' PHRA claims against Defendant Moyer in his individual capacity will be dismissed with prejudice.[7]

## C. Motion to Dismiss Plaintiffs' FMLA Claim

■■■ Defendants move to dismiss Plaintiffs' FMLA claim because Plaintiff McInerney has failed to plead in the Amended Complaint that she is an "eligible employee" within the meaning of FMLA. An employee is "eligible" under the FMLA if she has been employed by the employer for at least twelve (12) months; has been employed for at least 1,250 hours of service during the twelve-month period immediately preceding the leave; and has been employed at a work site where 50 or more employees are employed within 75 miles of the work site. 29 U.S.C. § 2611(2)(A); 29 C.F.R. § 825.110(a).

Without pleading these minimal requirements, a Plaintiff fails to state a claim under the FMLA. *See Reddinger v. Hosp. Centr. Servs.,* 4 F.Supp.2d 405, 410–11

---

**5.** Nor is Defendant Moyer named in the subsequent April 19, 2001 filing.

**6.** As Judge Katz recognized in *Dixon,* 43 F.Supp.2d at 546, the *Schafer* court's two-part test is a short-hand version of a four-part test articulated in *Glus v. G.C. Murphy Co.,* 629 F.2d 248 (3d Cir.1980), *vacated on other grounds,* 451 U.S. 935, 101 S.Ct. 2013, 68 L.Ed.2d 321 (1981).

**7.** In their Motion, Defendants state that the PHRA claims against the individual defendants should be dismissed because McInerney

alleged no facts in her administrative complaint that would suggest defendants aided or abetted discrimination. However, Defendants omit any discussion of this point from their Brief; nor do they direct the Court to any supporting case law. McInerney names all defendants except Moyer in her administrative complaint, and the conduct alleged therein is "fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom." *Antol v. Perry,* 82 F.3d 1291, 1295 (3d Cir.1996). Accordingly, the motion is denied on this ground as well.

(E.D.Pa.1998) ("[I]n order to state a claim under the FMLA, a complaint must at least contain allegations that within the meaning of the FMLA, the defendant is an 'employer' and the plaintiff employee is an 'eligible employee.'"). The Amended Complaint fails to plead that Plaintiff McInerney is an "eligible employee" within the meaning of the FMLA. Accordingly, the FMLA claim is dismissed without prejudice, and Plaintiffs shall be granted leave to amend Count V.

### D. Motion to Dismiss Plaintiffs' Intentional Infliction of Emotional Distress Claim

 Defendants move to dismiss Plaintiffs' cause of action for intentional infliction of emotional distress because it is barred by the exclusivity provisions of the Pennsylvania Worker's Compensation Act, 77 Pa.C.S. § 1, *et seq.* The Worker's Compensation Act provides the exclusive remedy for all employees' work-related injures. *See id.* at § 481(a).[8] However, the Act does recognize a limited exception, known as the "personal animus" or "third party attack" exception.[9] It allows claims for "employee injuries caused by the intentional conduct of third parties for reasons personal to the tortfeasor and not directed against him as an employee or because of his employment." *Durham Life Ins. Co. v. Evans,* 166 F.3d 139, 160

(3d Cir.1999). The "critical inquiry in determining the applicability of the third-party attack exception is whether the attack was motivated by personal reasons, as opposed to generalized contempt or hatred, and was sufficiently unrelated to the work situation so as not to arise out of the employment relationship." *Fugarino v. Univ. Servs.,* 123 F.Supp.2d 838, 844 (E.D.Pa.2000).

Numerous courts have addressed the applicability of this exception. In *DeWyer v. Temple Univ.,* Civ.A. No. 00–CV–1665, 2001 WL 115461, *5, 2001 U.S. Dist. LEXIS 1141, at *14 (E.D.Pa. Feb. 6, 2001), Judge Buckwalter concluded that the personal animus exception was probably[10] inapplicable where the alleged discrimination occurred only at the workplace, and included work-related reprimands, suspensions, criticisms, and requiring plaintiff to park other than where she desired. *See id.* at *5, 2001 U.S. Dist. LEXIS 1141, *14; *see also Fleming v. Kramont Employer Royce Realty, Inc.,* Civ.A. No. 02–2703, 2002 WL 1964257, **5–6, 2002 U.S. Dist. LEXIS 15806, at *15–16 (E.D.Pa. Aug. 16, 2002) (exception does not apply where alleged discrimination included deprivation of necessary information, exclusion from essential meetings, public criticism, and differential treatment); *Iacono v. Toll Bros., Inc.,* No. Civ.A. 01–4486, 2001 WL

---

**8.** The Pennsylvania Worker's Compensation Act provides that the "liability of an employer under this act shall be exclusive and in place of any and all other liability to such employees ... in any action at law or otherwise on account of any injury or death as defined in [77 Pa.C.S.] section 301(c)(1) and (2) or occupational disease as defined in [77 Pa.C.S.] section 108." 77 Pa.S. § 481(a).

**9.** *See* 77 Pa.S. § 411(1) ("the term 'injury arising in the course of his employment' ... shall not include an injury caused by the act of a third person intended to injure the employee because of reasons personal to him,

and not directed against him as an employee or because of his employment.").

**10.** My tentative language reflects the fact that Judge Buckwalter did not hold the exception inapplicable as a matter of law. Rather, he rested his decision on the plaintiff's failure to allege facts rising to the level of outrageousness necessary to state a cognizable claim for intentional infliction of emotional distress. The Court notes parenthetically that in the instant matter, Defendants do not ask the Court to address this issue. *See* Defendants' Brief at 12.

1632138, at *2 (E.D.Pa. Dec. 19, 2001) (exception inapplicable because "because all of the allegedly offensive conduct occurred at work and arose out of the employment relationship"); *Hettler v. Zany Brainy, Inc.*, No. Civ.A. 99–3879, 2000 WL 1468550, at *6 (E.D.Pa. Sept. 27, 2000) (exception inapplicable where defendant ordered plaintiff with injured back to lift heavy boxes and imposed disciplinary action because such alleged misconduct against plaintiff is "too closely connected to the work situation"); *Winfree v. Tokai Fin. Servs.*, No. Civ.A. 99–2970, 2000 WL 233240, at *9 (E.D.Pa. Mar. 1, 2000) (exception does not apply where allegations are "arguably directed at plaintiff as an employee" and "demonstrate that plaintiff was treated as he was on the basis of class characteristics, not personal animus."); *cf. Hammerstein v. Lindsay*, 440 Pa.Super. 350, 655 A.2d 597, 601 (1995) ("Where the animosity between the third party and the injured employee is developed because of work-related disputes, the animosity is developed ·because of the employment, and the injured employee's remedy is exclusively under the Workmen's Compensation Act.") (exception does not apply where plaintiff did not plead any pre-existing animosity or personal reasons for alleged conduct). Cases where a court has found the exception applies usually involve sexual harassment, an element not present in the instant matter. *See, e.g., Brooks v. Mendoza*, Civ.A. No. 00–5045, 2002 WL 467157, *4, 2002 U.S. Dist. LEXIS 4991, at *10–11 (E.D.Pa. Mar. 25, 2002) (applying personal animus exception where defendant allegedly held a sex toy and chased plaintiff around the workplace because such conduct was "personal in nature and sufficiently disconnected from the work situation"); *Wils v. Phillips*, Civ.A. No. 98–5752, 1999 WL 200674, **5–6, 1999 U.S. Dist. LEXIS 4625, at *14–16 (E.D.Pa. Apr. 8, 1999) (applying exception where plaintiff

alleged sexual harassment in and out of the workplace); *Hoy v. Angelone*, 456 Pa.Super. 596, 691 A.2d 476, 482 (Pa.Super.1997), *aff'd on other grounds*, 554 Pa. 134, 720 A.2d 745 (1998) (exception applies to sexual harassment "which was personal in nature and not part of the proper employer-employee relationship").

Plaintiffs, in an unelaborated argument, urge this Court to apply the personal animus exception to the instant matter because harassment based on McInerney's disability cannot be characterized as "employment related." An examination of the conduct complained of in the Amended Complaints leads this Court to a different conclusion. Defendants' alleged misdeeds include refusing to allow McInerney to park close enough to the work premises; impeding her ability to access her belongings and other items at work; denying her raises; denying her access to company profit sharing or 401k information; falsely advising individuals that called for her at work that she was unavailable; failing to provide messages when she missed phone calls at work; failing to advise her of the manner in which employee discounts were to be calculated; compelling her to "beg" for her paycheck in a demeaning fashion; assigning her to inventory and stock assignments that were not part of her essential duties at work; and making disparaging comments about her disabilities and lunch. *See* Amended Complaint ¶ 25. McInerney does not allege that Defendants' conduct was motivated by personal animus, nor do the allegations suggest that Defendants' conduct was directed at her outside of the work context. The allegations consist of bad behavior that are all related to workplace issues such as parking, discourtesy, interoffice communications, and work assignments. As alleged, the personal animus exception does not apply. Therefore, Defendants' motion is

granted and Plaintiffs' intentional infliction of emotional distress claim is dismissed without prejudice.

### E. Motion to Dismiss Plaintiffs' Loss of Consortium Claim

 Defendants move to dismiss Plaintiff Michael McInerney's cause of action for loss of consortium because there remains no valid tort claim in the instant matter. Under Pennsylvania law, loss of consortium derives only from the injured spouse's right to recover in tort, *see Little v. Jarvis*, 219 Pa.Super. 156, 280 A.2d 617, 620 (1971), and there is no right to recover for loss of consortium in connection with a spouse's ADA or PHRA claims. *See Wakshul v. Philadelphia*, 998 F.Supp. 585, 590 (E.D.Pa.1998) (citing *Quitmeyer v. SEPTA*, 740 F.Supp. 363, 370 (E.D.Pa.1990)). Having dismissed Plaintiffs' tort cause of action, no claim for loss of consortium may remain. Accordingly, the loss of consortium claim is dismissed without prejudice.

### F. Motion to Strike Plaintiffs' Request for Compensatory and Punitive Damages

 Defendants move to strike Plaintiffs' request for punitive damages in the amount of $100,000. *See* Amended Complaint ¶ 60; Count I & II Prayer for Relief ¶ 5. Citing 42 U.S.C. § 1981a(b)(3)(A), Defendants contend that Plaintiff's damages, if any, are limited to $50,000 because Defendant MLH has fewer than 100 employees, and that McInerney admitted as much in her administrative complaints to the PHRC.[11] To the extent that Defendants' argument is based on a factual averment that it employs fewer than 100 people, the motion is denied because no such facts exist in the record before the Court. As to Plaintiffs' statements in filings before the PHRC, Plaintiffs claim they were made without the benefit of discovery.

 The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters. *Garlanger v. Verbeke*, 223 F.Supp.2d 596, 609 (D.N.J. 2002). Motions to strike are not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. *Harleysville Mut. Ins. Co. v. GE Reinsurance Corp.*, Civ.A. No. 02–171, 2002 WL 922148, **5–6, 2002 U.S. Dist. LEXIS 8064, at *16 (E.D.Pa. May 6, 2002). The number of people working for Defendant MLH should be easily ascertainable through discovery, and exploring this fact will likely not result in excessive delay, expense, or encroachment. The Court is not prepared to foreclose Plaintiffs' demand before providing an opportunity to conduct some discovery. The motion to strike is denied.

## IV. CONCLUSION

Defendants' motion to dismiss is granted in part and denied part. Plaintiffs' ADA claims against the individual defendants in their individual capacities are dismissed with prejudice because the ADA does not permit claims for individual liability. Plaintiffs' PHRA claims against Defendant Gary Moyer in his individual capacity are dismissed with prejudice for failure to exhaust administrative remedies. All claims against Defendant Gary Moyer in his official capacity as owner of MLH remain. Plaintiffs' FMLA cause of action is dismissed without prejudice for failure to state a claim upon which relief may be granted. Plaintiffs' cause of action for intentional infliction of emotional distress is

---

11. Under Fed.R.Civ.P. 12(f), the Court may order stricken from any pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

dismissed because as alleged it is barred by the Pennsylvania Worker's Compensation Act. Because it is predicated on a now-dismissed tort cause of action for intentional infliction of emotional distress, Plaintiffs' claim for loss of consortium is dismissed. Finally, the motion to strike is denied as premature at this stage of the litigation.